IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ELVIE MELISSA WALLACE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 06-0395-WS-M |
| | ) |
| **UAW LOCAL 1639,** *et al.***,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on *pro se* plaintiff Elvie Melissa Wallace's Motion for Additional Time (doc. 12).[1]

Wallace initially filed her Complaint (doc. 1) against nine named defendants on June 30, 2006. She filed an Amended Complaint (doc. 9) as of right on October 17, 2006. To date, she has not submitted proof of service as to any defendant. Wallace now seeks unspecified "additional time" to perfect service on these defendants and to make proof of service.

This request is governed by Rule 4(m), Fed.R.Civ.P., which provides in pertinent part as follows:

> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, *shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time*;

---

[1] The Court's analysis proceeds with due regard for the principle that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Of course, while plaintiff's *pro se* status entitles her to deferential treatment, it does not excuse her from compliance with litigation deadlines or court orders. *See, e.g.,* Local Rule 83.9(b) ("All litigants proceeding *pro se* shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil and Criminal Procedure, unless otherwise excused from operation of the rules by court order."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure"); *Coffey v. United States*, 939 F. Supp. 185, 189 (E.D.N.Y. 1996) (noting that courts must make reasonable allowances so that a *pro se* plaintiff does not forfeit his rights, but that *pro se* status does not exempt a party from compliance with procedural and substantive law).

>    provided that *if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period*."

*Id.* (emphasis added). On its face, then, Rule 4(m) provides for dismissal if service is not achieved within 120 days, absent either (a) good cause for a plaintiff's dilatory service or (b) a decision by the Court to exercise its discretion in favor of extending the time for service without a showing of good cause. *See, e.g., McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998) (observing that dismissal under Rule 4(m) may be avoided if plaintiff shows good cause or court chooses to exercise discretion in favor of extending time); *Lau v. Klinger*, 46 F. Supp.2d 1377, 1380 (S.D. Ga. 1999) (after expiration of 120-day period, Rule 4(m) provides safety net to avoid dismissal only by a showing of good cause or by convincing the court to use its discretion to extend time even in absence of good cause). Where good cause is shown, a court must extend time for service; however, in the absence of good cause, a court may, in its discretion, allow an extension or dismiss the case without prejudice. *See Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

The plaintiff bears the burden of showing good cause. *See Wilson v. Prudential Financial*, 332 F. Supp.2d 83, 87 (D.D.C. 2004) ("where the plaintiff fails to effect proper service within the 120-day time limit laid down by Rule 4(m), the plaintiff carries the burden of showing good cause for that failure"). Wallace has failed to make such a showing. To the contrary, in prior court filings, plaintiff has admitted that she made no attempt to serve defendants between June 30, 2006 and her filing of a Motion to Amend Complaint on October 16, 2006. That plaintiff elected to take no action with respect to her service of process obligation for the first 108 days of the 120-day Rule 4(m) period is irreconcilable with any reasonable construction of the good cause standard. *See, e.g., In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) ("The plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule."); *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991) (good cause exists only "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.").[2]

---

[2]   At most, Wallace suggests that defendant Local 1639 refused to settle with her "in the 11th hour" even after "intentionally lead[ing] the plaintiff to believe a settlement was going to happen." (Motion, ¶ 3.) Accepting this statement as true, the breakdown of negotiations with

As the Eleventh Circuit has held, however, "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp v. Van Winkle and Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005).  In determining whether to exercise its discretion in favor of such an extension, this Court may consider such factors as whether, for example, the applicable statute of limitations would bar the refiled action, or whether the defendant is evading service or has otherwise concealed a defect in service.  *See id.*; *Feingold v. Hankin*, 269 F. Supp.2d 268, 277 (S.D.N.Y. 2003) (discretion to extend Rule 4(m) deadline turns on such factors as whether statute of limitations would bar re-filing, whether defendant attempted to conceal defect in service, whether defendant would be prejudiced by the extension, and whether defendant had actual notice of lawsuit); *Colasante v. Wells Fargo Corp.*, 211 F.R.D. 555, 561 (S.D. Iowa 2002) (similar).  The record reflects that Wallace is a *pro se* plaintiff who, in recent days, has commenced diligent efforts to perfect service on defendants.  It further appears that Wallace's Title VII claims are or may be time-barred if they were to be refiled now, that the contemplated delay will be short, and that no substantial prejudice will accrue to defendants by virtue of a short extension of the Rule 4(m) deadline.

For all of these reasons, the Court exercises its discretion in favor of extending the time for service for a short period of time.  The Motion for Additional Time (doc. 12) is **granted**.  The Rule 4(m) deadline for service of process on all defendants is hereby **extended** to **November 20, 2006**.  Plaintiff must file proofs of service with the Clerk of Court by no later than **November 29, 2006**.  The Court trusts that these enlarged deadlines will prove more than adequate for Wallace to discharge her service and proof of service obligations; therefore, plaintiff should not expect that further requests for enlargement of time to complete these tasks will be granted.

DONE and ORDERED this 25th day of October, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

defendant Local 1639 cannot furnish the requisite good cause for Wallace not to attempt service of process on any of the other eight named defendants for 108 days.