IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ELVIE MELISSA WALLACE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 06-0395-WS-M |
| | ) |
| **UAW LOCAL 1639,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on the Motions to Dismiss (docs. 26, 28) filed by defendants Austin Veale, Doug Williams, Gregory Roebuck, Robert Dickerson and Michael Jones and by defendant UAW Local 1639 ("Local 1639"). Both motions are ripe for disposition at this time.[1] This matter is also before the Court, *sua sponte*, on plaintiff's failure to comply with Rule 4(m), Fed.R.Civ.P., as to defendants Dana Bartlet, David Lindsey and Jesse Ezell.

**I.     Background.**

On June 30, 2006, plaintiff Elvie Melissa Wallace, proceeding *pro se*, initiated this action against eight named defendants for alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* (Doc. 1.) On October 16, 2006, prior to perfecting service of process on any defendant, Wallace filed an Amended Complaint (doc. 9). In the Amended Complaint,

---

[1] In initially reviewing this file, the Court observed that plaintiff had not filed an opposition brief, but that defendants had filed a reply (doc. 31). This posture appearing most unusual, the Court investigated further. Eventually, plaintiff's brief was found filed in Civil Action 02-0783-CB-C, a closed action that Wallace had previously filed against Local 1639 and Williams. The filing of this opposition brief in the incorrect file resulted directly from Wallace's listing of the wrong case number on her submission. That Response (doc. 32) has now been transferred to this file, notwithstanding its improper caption. Plaintiff is cautioned that it is solely her responsibility to verify that she has listed the correct case number on every paper that she files. The Clerk's Office will not proofread her filings to ensure that she has styled them properly, nor will the undersigned conduct a searching examination of the docket sheet of every lawsuit she has ever filed to make certain that she has listed the correct case number.

Wallace pursues a single Title VII claim against nine defendants, to-wit: UAW Local 1639, Doug Williams, Greg Roebuck, Robert Dickerson, Dana Bartlet, Michael Jones, Jesse Ezell, David Lindsey and Austin Veale.  The Amended Complaint alleges that the defendants subjected Wallace to a sexually harassing, hostile work environment in her employment at non-party Teledyne Continental Motors. (Amended Complaint, ¶ 5.)  With respect to Local 1639, plaintiff maintains that it refused to take appropriate actions to remedy the discriminatory treatment by failing adequately to represent her.  (*Id.*) The Amended Complaint further alleges that Local 1639 retaliated against Wallace by having her assigned to more difficult job duties, excluding her from training opportunities, and preventing her from being promoted, all with the intention of forcing her to resign.  (*Id.*, ¶ 9.)  It is also alleged that Local 1639 officials created a hostile work environment by doubling Wallace's workload, placing a dead cat in her car, asking whether she had bled on the floor, requesting oral sex, assigning her jobs that jeopardized her safety, and forcing her to sign fraudulent training sheets.  (*Id.*, ¶ 11.)  According to Wallace, the hostile and abusive working environment was so intolerable that any reasonable person would have felt compelled to resign.  (*Id.*, ¶ 10.)

  Wallace is no stranger to this District Court.  The instant action is the sixth lawsuit that she has filed in the last five years against some combination of Local 1639 and Teledyne Continental Motors, almost all of them alleging civil rights violations similar to those animating this action.  This is her fifth lawsuit against Local 1639.[2]  One of those lawsuits has particular relevance to the instant Rule 12(b) motions.

---

[2]  Set forth in chronological order, those actions and their dispositions are as follows: (i) *Elvie Melissa Wallace v. Teledyne Continental Motors and Local 1639*, Civil Action 01-0380-CB-C (Title VII failure to promote, sexual harassment and retaliation; dismissed on summary judgment, affirmed on appeal); (ii) *Elvie Melissa Wallace v. Teledyne Motors and Local 1639*, Civil Action 02-0304-CB-C (Title VII retaliation for complaining of race discrimination; dismissed on summary judgment, affirmed on appeal); (iii) *Elvie M. Wallace v. Doug Williams and Local 1639*, Civil Action 02-0783-CB-C (breach of duty of fair representation and creation of a hostile work environment; dismissed on summary judgment, not appealed); and (iv) *Elvie Melissa Wallace v. Teledyne Continental Motors, Local 1639, and Continental Casualty Insurance Company*, Civil Action 04-0593-CB-D (Title VII sex discrimination, hostile work environment; voluntarily dismissed without prejudice subject to certain conditions).

In Civil Action 04-0593-CB-D, Wallace sued Teledyne, Local 1639 and Teledyne's workers' compensation insurer for employment discrimination under Title VII relating to certain on-the-job injuries she sustained and her attempts to return to work following same.  In that action, Wallace maintained that, *inter alia*, Local 1639 "implemented and carried out a retaliatory plan to intentionally stop [her] from returning to work at Teledyne," failed to follow procedure with respect to her eligibility to perform light-duty work, discriminated against her on the basis of her gender by denying her light-duty opportunities given to male employees, "created a hostile working environment," and attempted to force her to resign.  Eight months after initiating the 2004 action, Wallace attempted to voluntarily dismiss her complaint without prejudice.  Senior District Judge Butler allowed her to do so, but also found that defendants had "gone to considerable expense and inconvenience in defending this lawsuit, due in no small part to plaintiff's failure to cooperate in discovery.  Plaintiff shall not be allowed, without consequence, to file a legal action when it suits her and then dismiss it when litigation becomes inconvenient."  On that basis, Judge Butler ordered that, "Before plaintiff may file any future action based on the facts or claims asserted in the instant action, plaintiff must first pay to the defendants the attorney's fees and costs incurred by defendants in defending this action."  A statement submitted in Civil Action 04-0593-CB-D reflects that Local 1639 incurred $15,360 in attorney's fees and $1,761.84 in expenses in defending that lawsuit.  Wallace did not pay those fees and costs incident to initiating the present action against Local 1639.

## II.     Legal Standard for Motion to Dismiss.

On a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421-22, 23 L. Ed. 2d 404, 89 S. Ct. 1843 (1969).  A motion to dismiss may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); *Bradberry v. Pinellas County*, 789 F.2d 1513, 1515 (11th Cir. 1986).  The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a), Fed.R.Civ.P.  Moreover, the Court must, "at this stage of the litigation, . . . accept [plaintiff's] allegations as true."

*Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984); *Stephens v. HHS*, 901 F.2d 1571, 1573 (11th Cir. 1990); *cf. South Florida Water Management Dist. v. Montalvo*, 84 F.3d 402, 409 n.10 (11th Cir. 1996) (conclusory allegations and unwarranted deductions of fact are not deemed true on a motion to dismiss). The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. A plaintiff must meet only an "exceedingly low" threshold to survive a Rule 12(b)(6) motion. *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003).

**III.   Analysis.**

    ***A.   Individual Defendants' Motion to Dismiss.***

The five served individual defendants, Doug Williams, Gregory Roebuck, Robert Dickerson, Michael Jones and Austin Veale (collectively, the "Served Individual Defendants"), have filed a Motion to Dismiss (doc. 26) the claims against them. The Served Individual Defendants maintain that dismissal is warranted here because plaintiff's sole cause of action against them is under Title VII, and individuals cannot be liable under Title VII, as a matter of law. In response, plaintiff maintains that dismissal is improper because she named these individuals as defendants "to hold them accountable as supervisor and members of Local 1639 for their acts of retaliation against the Plaintiff." (Plaintiff's Response, at ¶ 19.)

The law on this point is crystal clear. Earlier this year, the Eleventh Circuit "expressly [held] that relief under Title VII is available only against the employer and not against individual employees whose actions would constitute a violation of the Act." *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006); *see also Hinson v. Clinch County Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000) (explaining that Title VII relief is against the employer, not individual employees); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (determining that individual capacity suits under Title VII are not cognizable, as a matter of law). To the extent that Wallace would attempt to circumvent this line of authority using the alter ego doctrine, the *Dearth* decision forecloses such an argument by concluding "that the alter ego doctrine does not create an exception to the rule against individual

employee liability in Title VII cases." *Dearth*, 441 F.3d at 934. There is no wiggle room here. Plaintiff's Title VII claims against the Served Individual Defendants are unsustainable as a matter of law. Accordingly, the Served Individual Defendants' Motion to Dismiss is properly **granted**.

### B.    *Local 1639's Motion to Dismiss.*

Local 1639 filed a separate Motion to Dismiss (doc. 28) based exclusively on Judge Butler's order in Civil Action 04-0593-CB-D. Again, in allowing Wallace to take a voluntary dismissal without prejudice in that case, Judge Butler ordered that she could not file "any future action based on the facts or claims asserted in the instant action" unless she first reimbursed Local 1639 for its attorney's fees and costs expended in defending that action. Local 1639's argument is quite straightforward, to-wit: (a) Judge Butler forbade Wallace from litigating the same facts or claims against Local 1639 in a new lawsuit without first paying Local 1639's fees and costs incurred in defending the last case; (b) Wallace has failed to reimburse those fees and costs; and (c) Wallace has now brought a new action based on the facts or claims at issue in Civil Action 04-0593-CB-D. On that basis, Local 1639 requests that the Amended Complaint be dismissed for failure to comply with Judge Butler's order in the 2004 case or, alternatively, that this action be stayed until such time as Wallace complies with said order.

In response, Wallace protests that the subject matter of the instant litigation varies substantially from that in Civil Action 04-0593-CB-D. She argues that Judge Butler did not forbid her from filing a lawsuit against Local 1639 based on retaliatory acts occurring in the future. (Response, ¶ 3.) She represents to this Court that the unlawful retaliation continued after she filed her complaint in Civil Action 04-0593-CB-D in 2004, and that this subsequent activity forms the basis of her claims against Local 1639 herein. (*Id.*, ¶ 9.) According to Wallace, her 2004 complaint is "not the same" as her Complaint in this action. (*Id.*)

Side-by-side examination of the 04-0593-CB-D complaint and the Amended Complaint in the case at bar reveals obvious similarities in the claims and allegations Wallace is propounding against Local 1639. Both lawsuits sounded under Title VII. The 2004 complaint accused defendants (of which Local 1639 was one) of "creat[ing] a hostile environment" by encouraging others to wrong her for the purpose of causing "emotional pain and mental distress." The current Amended Complaint

alleges that Local 1639 "creat[ed] a hostile environment subjecting the plaintiff to emotional hardship, sexual harassment, and onerous working conditions." (Amended Complaint, ¶ 5.) The 2004 complaint accused defendants of "intentionally plac[ing her] in harm's way." The present complaint alleges that Local 1639 "created an onerous and unsafe working environment for the plaintiff." (Amended Complaint, ¶ 10.) In both cases she argued that the hostile work environment was so severe that a reasonable person in her shoes would have felt compelled to resign. Several of the few specific incidents recited the Amended Complaint in this case (*e.g.*, the placing of a dead cat in her car, the bleeding on the floor comment) are also acts on which Wallace testified she was relying in the 2004 case. The overlap is substantial and undeniable.

     Based on the foregoing, it is abundantly clear that there are common claims and facts between the 2004 lawsuit and the instant litigation. Those areas of commonality demonstrate non-compliance with Judge Butler's order in the 2004 action, and Wallace cannot pursue them here unless she first reimburses Local 1639 for its attorney's fees and costs. Nonetheless, to find areas of overlap between the two lawsuits is not the same as finding that the two cases are identical in their claims and facts against Local 1639. In particular, to the extent that Wallace is alleging Title VII violations that post-date her filing of the complaint in Civil Action 04-0593-CB-D in September 2004, those claims are clearly not barred by Judge Butler's order because, as she correctly observes, that order did not afford Local 1639 carte blanche to discriminate and retaliate against her with impunity from that point on. Wallace has represented that her present lawsuit relates to events post-dating the filing of the complaint in the 2004 action. Unfortunately, her Amended Complaint is murky and short on specifics. While that may be sufficient for purposes of Rule 8, the Amended Complaint is so vague as to dates and specific events that the undersigned cannot discern the veracity of her representation that she is suing about events post-dating the filing of her 2004 complaint. Plaintiff will not be allowed to circumvent Judge Butler's ruling without greater specificity in her pleading that specifically delineates the temporal boundaries of her claims. Without additional specifics, this Court cannot ascertain from the fuzzy generalities embodied in the Amended Complaint whether she has any claims that are outside the scope of Judge Butler's order.

This much, however, is clear. To the extent that Wallace seeks to bootstrap allegations of a hostile work environment against Local 1639 in this case by relying on facts that she used or could have used in the 2004 litigation, she is in violation of Judge Butler's order. If she wishes to rely in this case on any events occurring prior to the September 13, 2004 filing of her complaint in Civil Action 04-0593-CB-D in making out her Title VII claims against Local 1639, Wallace must first pay the attorney's fees and costs that Judge Butler ordered her to pay. If, however, she wishes to proceed with her Title VII claims based exclusively on facts post-dating the 2004 complaint, nothing in Judge Butler's order would preclude her from doing so.

Plaintiff has a choice. If she wants to proceed against Local 1639 with her Title VII claims as currently pleaded, the obvious overlap with the 2004 action means that she must first reimburse Local 1639 for its attorney's fees and costs claimed in the 2004 case. If, however, she wants to proceed against Local 1639 with Title VII claims based solely on events post-dating September 13, 2004, she must file an amended complaint specifically limiting her claims against Local 1639 in that fashion, so as to avoid contravening Judge Butler's order. Plaintiff will be given until **January 15, 2007**, to notify the Court in writing of her election in this regard. Local 1639's Motion to Dismiss will be held in abeyance until that time.

### C.     *Rule 4(m) Issue.*

One other matter requires attention at this time. Although this action was initiated on June 30, 2006, some 175 days ago, the record is devoid of any indication that plaintiff has served process on three defendants: Dana Bartlet, David Lindsey and Jesse Ezell. As such, the Court *sua sponte* considers whether dismissal of her claims against those defendants is warranted under Rule 4(m), Fed.R.Civ.P.

As of October 25, 2006, plaintiff had failed to perfect service of process on any of the nine named defendants, despite the fact that the Rule 4(m) deadline for service was 120 days after filing of the Complaint, or October 28, 2006. The problem was compounded by plaintiff's candid admission that she made no attempt to serve process on any defendant for the first 108 days of that 120-day period. Although good cause was lacking, the undersigned exercised discretion in favor of granting

Wallace an extension of the Rule 4(m) deadline, through and including November 20, 2006, with proofs of service due on November 29, 2006. The resulting Order (doc. 13) dated October 25, 2006, cautioned plaintiff as follows: "The Court trusts that these enlarged deadlines will prove more than adequate for Wallace to discharge her service ... obligations; therefore, plaintiff should not expect that further requests for enlargement of time to complete these tasks will be granted." (October 25 Order, at 3.)

Plaintiff has not met these unambiguous deadlines with respect to service of process on Bartlet, Lindsey and Ezell. She has made no further requests for enlargement of time. And she is not in compliance with Rule 4(m). Accordingly, plaintiff is **ordered** to **show cause**, on or before **January 15, 2007**, why her claims against defendants Bartlet, Lindsey and Ezell should not be dismissed without prejudice pursuant to Rule 4(m), for failure to prosecute, and for failure to comply with the orders of this Court. Plaintiff's response must specifically detail the reasons why she has not complied with these deadlines, despite having had a half a year in which to perfect service, and must specifically set forth the efforts she has made (including dates, times and methods) to serve process on each of these defendants.

### IV.     Conclusion.

For all of the foregoing reasons, it is hereby **ordered** as follows:

1. The Motion to Dismiss (doc. 26) filed by the Served Individual Defendants is **granted**. Plaintiff's claims against defendants Doug Williams, Gregory Roebuck, Robert Dickers, Michael Jones and Austin Veale are **dismissed with prejudice** pursuant to Rule 12(b)(6), for failure to state a claim on which relief can be granted.

2. Plaintiff is **ordered**, on or before **January 15, 2007**, to notify the Court in writing whether (a) she wishes to proceed with her Amended Complaint in its present form, in which case she must comply with Judge Butler's order in the 2004 litigation by paying Local 1639's attorney's fees and costs before this action shall proceed; or (b) she wishes to confine this action to events occurring after September 13, 2004, in which case this litigation is outside the scope of Judge Butler's order. If plaintiff selects option

(a), the Court will order Local 1639 to submit an itemized statement of its fees and costs in the 2004 litigation for reimbursement by Wallace.  If plaintiff selects option (b), she must attach to her notice an appropriate proposed amended complaint that specifically limits her claims to post-September 2004 activity and that deletes any claims based on events pre-dating the filing of her 2004 complaint.

3. Plaintiff is **ordered**, on or before **January 15, 2007**, to **show cause** why her claims against defendants Dana Bartlet, David Lindsey, and Jesse Ezell should not be dismissed without prejudice pursuant to Rule 4(m), for failure to prosecute, and for failure to comply with the orders of this Court.

DONE and ORDERED this 22nd day of December, 2006.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE