IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ELVIE MELISSA WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 06-0395-WS-M |
| | ) | |
| UAW LOCAL 1639, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on defendant UAW Local 1639's Motion to Dismiss (doc. 28), Plaintiff's Response to Court Order (doc. 34), plaintiff's Second Amended Complaint (doc. 35), and UAW Local 1639's Reply (doc. 36).

Plaintiff Elvie Melissa Wallace, proceeding *pro se*, brought this action against defendant UAW Local 1639 ("Local 1639") and eight other named defendants, alleging violation of Title VII of the Civil Rights Act of 1964.[1] An Amended Complaint (doc. 16) filed on October 16, 2006 reflects Wallace's claim that Local 1639 officials subjected her to a sexually hostile working environment and retaliated against her in areas of job assignments, training opportunities, and promotion opportunities.

As this Court has previously observed, this is Wallace's fifth lawsuit against Local 1639 brought

---

[1] By Order (doc. 33) dated December 22, 2006, the Court dismissed plaintiff's claims against the five served individual defendants (Doug Williams, Gregory Roebuck, Robert Dickerson, Michael Jones and Austin Veale), with prejudice, for failure to state a claim on which relief can be granted. Plaintiff now states that she has no objections to that ruling, and that she cannot show cause as to why the same outcome should not attach to her identical claims against the three unserved individual defendants (Dana Bartlet, David Lindsey, and Jesse Ezell). Title VII's prohibition on individual liability applies with equal force to plaintiff's claims against the unserved defendants as it did to her claims against the served defendants. Accordingly, plaintiff's claims against defendants Bartlet, Lindsey and Ezell are **dismissed with prejudice** pursuant to Rule 12(b)(6), Fed.R.Civ.P. The sole remaining defendant in this action is Local 1639.

in this District Court in the last five-plus years.  In one of those previous actions, Civil Action No. 04-0593-CB-D (the "2004 Action"), Wallace sued Local 1639 and others under Title VII.  In a Complaint dated September 13, 2004, Wallace alleged that Local 1639 created a hostile work environment, attempted to force her to resign, denied her light-duty work and carried out a retaliatory plan to prevent her from returning to work at Teledyne Continental Motors.  In May 2005, Wallace attempted to take a voluntary dismissal of the 2004 Action.  Via an Order dated June 6, 2005, Senior District Judge Butler permitted her to do so, but expressed concern that Wallace "not be allowed, without consequence, to file a legal action when it suits her and then dismiss it when litigation becomes inconvenient."  On that basis, Judge Butler ordered that, "Before plaintiff may file any future action *based on the facts or claims asserted in the instant action*, plaintiff must first pay to the defendants the attorney's fees and costs incurred by defendants in defending this action."  (June 6, 2005 Order, at 3-4 (emphasis added).)

Local 1639 maintains that the present action contravenes Judge Butler's Order.  Wallace has not paid Local 1639's attorney's fees and costs in the 2004 Action; therefore, the instant action is permissible only to the extent that it is not "based on the facts or claims asserted" in the 2004 Action.  Side-by-side examination of the initial pleadings in the 2004 Action and the case at bar reflects undeniable similarities in Wallace's claims in the two cases.  In response, however, Wallace insisted that her current action does not implicate Judge Butler's Order because it is predicated on allegations of retaliation post-dating the filing of her complaint in the 2004 Action. Certainly, nothing in Judge Butler's Order would foreclose her from suing Local 1639 for unlawful conduct subsequent to that at issue in the 2004 Action.  Observing that her Complaint in this case is murky as to the time frames in which the alleged wrongdoing occurred, the undersigned entered an Order (doc. 33) directing Wallace either: (1) to leave her pleading in this case as-is and to reimburse Local 1639 for over $17,000 in fees and costs incurred in the 2004 Action; or (2) to amend her pleading temporally circumscribing her claims against Local 1639 to events post-dating the filing of her complaint in the 2004 Action.

Plaintiff has selected the second option.  In a Second Amended Complaint (doc. 35) filed on January 15, 2007, Wallace amends her pleading in at least five places to add clear, unequivocal

allegations that the alleged wrongdoing of which she is complaining occurred after she returned to work at Teledyne in November 2004.[2]  Simply put, Wallace has made it exceedingly clear in her amended pleading that this action is confined to facts and claims relating to alleged violations of Title VII occurring after she returned to work in November 2004.  Because the 2004 Action was initiated in September 2004, the facts and claims at issue in that case necessarily predated any events in connection with Wallace's November 2004 return to work.  To the extent, then, that Wallace is bringing this action to seek redress for alleged Title VII violations post-dating her return to work in November 2004, the facts and claims herein are not a reprise of the 2004 Action and are in no way precluded by the Judge Butler Order.

Notwithstanding Wallace's unambiguous delineation of a November 2004 start date for all claims alleged in her Second Amended Complaint, Local 1639 objects that her new pleading violates Judge Butler's Order.  Defendant's opposition has three key elements.  First, Local 1639 protests that the Second Amended Complaint remains murky because it is impossible to tell <u>when</u> after November 2004 plaintiff is claiming these events occurred.  (Reply, at 5 & n.6.)  For purposes of compliance with Judge Butler's Order, however, what matters is whether this action includes "facts or claims asserted" in the 2004 Action.  The September 2004 complaint is the wellspring of all facts and claims asserted in the 2004 Action.  Events occurring after September 2004 could not have been at issue in the 2004 Action, even if they were addressed in discovery in that case, because the pleadings in the 2004 Action were never amended to encompass post-September 2004 facts and claims.  Accordingly, Local 1639's objection to the absence of exact dates in the Second Amended Complaint is not persuasive.

---

[2]     For example, plaintiff alleges that "[a]ll of the following acts of discrimination committed by the defendants listed in this action occurred after the plaintiff returned to work at Teledyne in November of 2004."  (Second Amended Complaint, ¶ 3.)  She states that Local 1639 "continued after November 2004 to create a hostile environment."  (*Id.*, ¶ 4.)  She alleges that "the following and the above listed acts of discrimination and retaliation was [*sic*] committed against the plaintiff by the defendants after the plaintiff returned to work at Teledyne in November 2004."  (*Id.*, ¶ 9.)  She asserts that she was denied training opportunities "after she returned to work in November 2004."  (*Id.*)  At the end of her Second Amended Complaint, Wallace reiterates, "All of the above factual statement [*sic*] pertains to events that occurred after the plaintiff returned to work at Teledyne in November 2004."  (*Id.*, ¶ 14.)

-3-

Second, defendant argues that the Second Amended Complaint's allegations that these events occurred after November 2004 conflicts with plaintiff's deposition testimony in the 2004 Action, wherein she purportedly testified that certain of those events occurred prior to October 2004.  The Court is ill-equipped at the Rule 12(b) stage to ferret out the truth and to resolve any inconsistency between the temporal allegations of the Second Amended Complaint and plaintiff's prior deposition testimony, particularly where the relevant deposition excerpts were submitted in incomplete, piecemeal or otherwise inconclusive form.  For now, it is enough to observe that the Second Amended Complaint unambiguously alleges that all events upon which plaintiff's claims are predicated occurred after November 2004, which places this action outside the restrictions imposed by Judge Butler in the 2004 Action.[3]

Third, defendant suggests that Wallace's true intentions are brought into focus by her request that "the court allow into evidence any newly discovered information obtained during discovery that occurred before September 13, 2004."  (Plaintiff's Response (doc. 34), at ¶ 6.)  Notwithstanding this request, plaintiff's Second Amended Complaint is clearly limited to events occurring after November 2004.  This Court will not make anticipatory or advisory rulings on evidentiary or discovery matters; however, the plaintiff is cautioned that any attempts in this litigation to obtain discovery or introduce evidence concerning "facts or claims asserted" in the 2004 Action will be scrutinized closely and may subject her to sanctions as an improper attempt to circumvent Judge Butler's Order.  Furthermore, while pre-November 2004 events may conceivably be relevant to these proceedings as background information, the operative pleading in this action limits plaintiff to Title VII claims based on events following her November 2004 return to work at Teledyne.  Because they are outside the scope of the Second Amended Complaint and proscribed by Judge Butler's Order, plaintiff will not be permitted to pursue any claims of alleged Title VII violations predating her November 2004 return to work at

---

[3]      That said, the Court will not tolerate the intentional misrepresentation of facts by any litigant to avoid accountability to an Order emanating from this District Court.  Contrary to Wallace's assertion, she is bound by the sworn testimony set forth in her April 2005 deposition.  To the extent that the allegations in her Second Amended Complaint conflict with her sworn testimony in that deposition, she will have to explain such inconsistencies during the discovery process in this case.

Teledyne, irrespective of whether the facts upon which such claims rest are "newly discovered" or not. This boundary will be policed strictly.

For all of the foregoing reasons, it is **ordered** as follows:

1.      Plaintiff's claims against defendants Dana Bartlet, David Lindsey, and Jesse Ezell are **dismissed with prejudice** for failure to state a claim upon which relief can be granted; and

2.      UAW Local 1639's Motion to Dismiss or in the Alternative to Stay Proceedings (doc. 28) is **denied**, and defendant is **ordered** to file an answer to the Second Amended Complaint on or before **February 13, 2007**.

DONE and ORDERED this 29th day of January, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE