IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ELVIE MELISSA WALLACE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 06-0395-WS-M |
| | ) |
| UAW LOCAL 1639, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter is before the Court on a flurry of motions filed recently by plaintiff, who is proceeding *pro se*, to-wit: plaintiff's Motion to Proceed without Prepayment of Fees (doc. 47), Motion to Amend Complaint (doc. 48), Motion to Correct Errors in Motion to Amend and Amended Complaint (doc. 49), and corrected Motion to Amend Complaint (doc. 50). Each of these motions will be addressed separately.

**A.     The Motion to Proceed without Prepayment of Fees.**

On May 18, 2007, plaintiff Elvie Melissa Wallace filed, for the first time in this action, a Motion to Proceed without Prepayment of Fees (doc. 47) pursuant to 28 U.S.C. § 1915. The timing of this *in forma pauperis* motion is most unusual because this action has been pending for some 11 months, and no outstanding court fees are due and owing at this time as a condition to this action moving forward. Plaintiff paid the $350 filing fee in June 2006, contemporaneously with her Complaint. She has served the sole remaining defendant with process. Simply put, there are no outstanding court fees that Wallace owes at this time that might fall within the ambit of § 1915. Her Motion to Proceed without Prepayment of Fees is therefore **denied**.[1]

---

[1] By all appearances, Wallace's filing of her IFP motion constitutes an attempt on her part to circumvent an order entered in one of Wallace's four previous lawsuits against defendant, UAW Local 1639, permitting Wallace to take a voluntary dismissal, subject to the condition that she would be required to reimburse the defendants' attorneys' fees and costs incurred in that action if she later attempted to resuscitate those causes of action in a subsequent suit. Wallace apparently believes that if she secures *in forma pauperis* status in this case, then she will no longer be subject to that ruling and may revive her previously abandoned claims against Local 1639 with no adverse consequences. For the reasons stated in section C, *infra*, that

**B.     The Motion to Correct Errors.**

Plaintiff having filed two different versions of her proposed amended complaint within a five-day span, the Court cannot address her request to amend her complaint without first ascertaining which of these proposed amended complaints should be considered. The Motion to Correct Errors reflects plaintiff's desire to supplant the Motion to Amend Complaint (doc. 48) filed on May 18, 2007 with a new version (doc. 50) filed on May 23, 2007. Comparison of the May 18 and May 23 iterations of the Motion to Amend and proposed complaint reflects that they are virtually identical, and plaintiff does not delineate the specific errors in the May 18 filing that she purports to be correcting via her May 23 filing.[2] Because of the near-identity of the May 18 and May 23 versions, the Court will not reject plaintiff's May 23 filing as untimely, even though the applicable deadline for seeking leave to amend pleadings expired on May 18, 2007. Rather, the Motion to Correct Errors (doc. 49) is **granted** to enable plaintiff to make the cosmetic changes requested in her proposed amended complaint. Based on that ruling, plaintiff's May 23 corrected Motion to Amend Complaint (doc. 50) is the operative motion, and the May 18 Motion to Amend Complaint (doc. 48) is **moot** because it has been superseded by its May 23 successor.

**C.     The Motion to Amend Complaint.**

Plaintiff's corrected Motion to Amend Complaint (doc. 50) states that she seeks to amend her complaint "to add important new facts supporting allegation of race discrimination, for the solace of clarity." (Motion, at 2.) Her Motion does not specify what those "important new facts" might be, leaving the Court to resort to a side-by-side inspection of the current Amended Complaint (doc. 35)[3] filed on January 15, 2007 and the proposed amended complaint (exhibit to

---

is an improper use of the *in forma pauperis* device and cannot be permitted here.

[2]     The two Motions to Amend appear to be the same, except that the May 23 version contains a Certificate of Service that was omitted from the May 18 version. Likewise, inspection of the two iterations of the proposed amended complaint demonstrates that they are virtually identical, except that the *ad damnum* clause of the May 23 proposed amended complaint recites specific dollar amounts for the compensatory and punitive damages sought, while the May 18 version does not.

[3]     This document is itself the third iteration of the Complaint that Wallace has used in this action, the others being found at doc. 1 and doc. 9. Thus, plaintiff is now seeking to amend her complaint for the third time, with her fourth iteration of her complaint.

doc. 50) in order to ascertain the specific areas in which amendment is sought.  That exercise reveals that the proposed new amended complaint is devoid of "important new facts."  The only changes to the current Amended Complaint are as follows: (i) a second paragraph 14 (found at pages 6 and 7) in which plaintiff asserts that Local 1639 has certain duties under the Labor-Management Reporting and Disclosure Act ("LMRDA"), the National Labor Relations Act ("NLRA"), and § 301 of the Labor-Management Relations Act ("LMRA") (proposed amended complaint, ¶¶ 14(a)-14(d));[4] (ii) an allegation that Local 1639's conduct toward Wallace following November 2004 violated each of these statutes; (iii) a request that this Court allow Wallace to renew claims against Local 1639 from Civil Action 04-593, which Senior District Judge Butler prohibited her from raising anew without first paying the defendants' accrued legal fees and expenses; and (iv) a statement quantifying her compensatory damages sought at $650,000 and her punitive damages sought at $2,675,000.

Wallace's Motion to Amend is governed by Rule 15(a), Fed.R.Civ.P., which provides that leave to amend pleadings "shall be freely given when justice so requires."  *Id.*  The Eleventh Circuit has explained that such leave should be "freely given," except in the presence of countervailing factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)); *see also Carruthers v. BSA Advertising, Inc.*,

---

[4]   In particular, paragraph 14(a) states plaintiff's theory that Local 1639 is subject to the LMRDA, under which she contends a union may be held liable for the acts of its officers.  Paragraph 14(b) alleges that Local 1639 is subject to the NLRA, which she contends requires unions to serve interests of all members with neither hostility nor discrimination, and with good faith and honesty.  Paragraph 14(c) alleges that Local 1639 is subject to a provision in the NLRA forbidding unions from discriminating between groups of employees or individuals on the basis of length of union membership.  And paragraph 14(d) asserts that Local 1639 is subject to § 301 of the LMRA, which plaintiff contends bars unions from breaching their duty of fair representation, engaging in arbitrary conduct, showing egregious or reckless disregard for members' rights, ignoring meritorious grievances or processing such grievances in a perfunctory manner.  Heretofore, this action had been confined to claims under Title VII of the Civil Rights Act of 1964.

357 F.3d 1213, 1218 (11th Cir. 2004) (explaining that despite "freely given" language of Rule 15(a), leave to amend may be denied on such grounds as undue delay, undue prejudice, and futility). Although whether to grant leave to amend rests in the district court's discretion, denying leave to amend is an abuse of discretion in the absence of a showing of one or more of the *Foman* factors. *See, e.g., Bryant v. Dupree*, 252 F.3d 1161 (11th Cir. 2001) (lower court should have permitted amendment to complaint where there was no evidence of prejudice or undue delay); *McKinley*, 177 F.3d at 1258 (opining that district court abused discretion in refusing to permit amendment where opposing party would not be prejudiced); *Loggerhead Turtle v. County Council of Volusia County, Fla.*, 148 F.3d 1231, 1257 (11th Cir. 1998) (overturning denial of leave to amend where defendant had not shown prejudice or undue delay).

In response to the Motion to Amend Complaint, UAW Local 1639 challenges only the third aspect of the proposed amendment. Defendant does not argue that plaintiff's proposed new claims under the LMRDA, the NLRA and the LMRA would be futile, that their injection at this stage of the action would be unfairly prejudicial, or that these claims would contravene any of the *Foman* factors. To be sure, the addition of these claims would expand the scope of this litigation, inasmuch as this action has spent the first 11 months of its existence being limited to claims of sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Also, the viability of plaintiff's LMRDA, NLRA and LMRA theories may be in doubt; however, this Court will not formulate defendant's arguments for it. As Local 1639 has not challenged those aspects of the proposed amendment, and in light of the liberal amendment standard of Rule 15(a) and the timely nature of Wallace's request, plaintiff's Motion to Amend Complaint is **granted** insofar as the proposed amended complaint would add new paragraphs 14(a)-(d) and the unnumbered paragraph immediately thereafter, which collectively assert violations of the LMRDA, the NLRA and the LMRA. Likewise, the Motion to Amend Complaint is **granted** insofar as it would amend the *ad damnum* clause to quantify the amount of compensatory and punitive damages sought.

The same result does not attach to Wallace's request to renew the claims that were dismissed with conditions in one of her four previous lawsuits against Local 1639. In Civil Action 04-0593-CB-D, filed in September 2004, Wallace sued Local 1639 and others under Title VII, alleging that Local 1639 created a hostile work environment, attempted to force her to

resign, denied her light-duty work and carried out a retaliatory plan to prevent her from returning to work at Teledyne Continental Motors. Eight months after initiating the 2004 action, Wallace attempted to dismiss voluntarily her complaint without prejudice. Senior District Judge Butler allowed her to do so, but also found that defendants had "gone to considerable expense and inconvenience in defending this lawsuit, due in no small part to plaintiff's failure to cooperate in discovery. Plaintiff shall not be allowed, without consequence, to file a legal action when it suits her and then dismiss it when litigation becomes inconvenient." On that basis, Judge Butler ordered that, "Before plaintiff may file any future action based on the facts or claims asserted in the instant action, plaintiff must first pay to the defendants the attorney's fees and costs incurred by defendants in defending this action."[5] Wallace did not pay those fees and costs incident to initiating the present action against Local 1639.

An Order (doc. 33) entered in this action on December 22, 2006 made it quite clear that the restrictions imposed by Judge Butler in the 2004 action are valid and binding upon Wallace here. In that regard, the undersigned explained as follows:

> "To the extent that Wallace seeks to bootstrap allegations of a hostile work environment against Local 1639 in this case by relying on facts that she used or could have used in the 2004 litigation, she is in violation of Judge Butler's order. If she wishes to rely in this case on any events occurring prior to the September 13, 2004 filing of her complaint in Civil Action 04-0593-CB-D in making out her Title VII claims against Local 1639, Wallace must first pay the attorney's fees and costs that Judge Butler ordered her to pay. If, however, she wishes to proceed with her Title VII claims based exclusively on facts post-dating the 2004 complaint, nothing in Judge Butler's order would preclude her from doing so."

(December 22, 2006 Order, at 7.) Wallace elected to take the latter approach and submitted an amended complaint (doc. 35) specifically limiting her claims against Local 1639 to events post-dating September 13, 2004, so as to avoid contravening Judge Butler's order. This Court thereafter cautioned Wallace as follows: "Because they are ... proscribed by Judge Butler's Order, plaintiff will not be permitted to pursue any claims of alleged Title VII violations predating her November 2004 return to work at Teledyne, irrespective of whether the facts upon which such claims rest are 'newly discovered' or not. This boundary will be policed strictly."

---

[5] A statement submitted in Civil Action 04-0593-CB-D reflects that Local 1639 incurred $15,360 in attorney's fees and $1,761.84 in expenses in defending that lawsuit.

(Order (doc. 37) dated January 29, 2007, at 4-5.)

In her Motion to Amend Complaint, Wallace seeks to have her cake and eat it too. In particular, she requests leave to pursue the claims previously asserted in the 2004 action without adhering to the restriction imposed by Judge Butler. She states that she "should not be denied justice because she is poor" and asks that this Court "reconsider the court decision that she pays attorney fees before she is able to seek justice." (Proposed amended complaint, at 7.) Viewed in tandem with the proposed amended complaint, the purpose of Wallace's IFP request becomes clear. Wallace apparently maintains that a determination by this Court that she is entitled to *in forma pauperis* status would excuse her from compliance with Judge Butler's order and enable her to renew her previously-abandoned claims against Local 1639 with impunity, subjecting Local 1639 to the unfair burden of duplicative litigation without recourse for fees previously expended in defending against these very same claims.

There are multiple defects with this approach. First, it is improper pleading to embed what amounts to a motion for reconsideration in an amended complaint. If Wallace seeks reconsideration of a prior ruling by this Court or any other court in this matter, she should file a separate motion requesting such reconsideration. But even if this technical deficiency is ignored, Wallace cannot obtain the relief she seeks. District courts possess inherent power to control litigation proceedings before them. *See Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions."); *F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders."). The condition that Judge Butler imposed on Wallace's dismissal of her claims in the 2004 action was entirely proper and valid, based on the expense and hardship to which she had subjected Local 1639 and the other defendants before abruptly seeking dismissal of her claims without prejudice when the 2004 litigation became inconvenient for her. *See, e.g., Versa Products, Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1328 (11th Cir. 2004) (condition that plaintiff pay fees and costs of defendant upon refiling lawsuit was not abuse of discretion and does not amount to legal prejudice to plaintiff, where condition was plainly intended to protect defendant from unfairness

of duplicative litigation). This Court will not allow Wallace to negate Judge Butler's directive by seeking refuge in *in forma pauperis* status. Moreover, IFP status would not shield Wallace from her payment obligations, in any event, because even an *in forma pauperis* plaintiff can be required to pay certain fees and costs. *See generally Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994) (district court did not abuse discretion in ordering *in forma pauperis* plaintiff to pay court costs at the conclusion of the case). As one appellate court has noted, "[f]ederal courts have inherent power to impose appropriate restriction[s] on a litigant's ability to commence abusive litigation in forma pauperis." *Olson v. Coleman*, 997 F.2d 726, 729 (10th Cir. 1993). Judge Butler imposed just such a restriction to prevent plaintiff from initiating abusive litigation against Local 1639, and Wallace cannot circumvent that constraint through the *in forma pauperis* vehicle. *See Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) ("There is no question that proceeding *in forma pauperis* is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court.").

The point here is simple: Back in 2004, Wallace brought a lawsuit which Local 1639 spent over $17,000 defending against before Wallace requested leave to dismiss her claims. No one forced Wallace to abandon her claims in May 2005; rather, she did so voluntarily. Judge Butler was not required to permit Wallace to dismiss her claims without prejudice, but he did so subject to a condition that she reimburse defendants for their significant attorney's fees expended in the 2004 action if she ever attempted to renew those claims. Wallace never objected to the condition imposed by Judge Butler. She neither sought reconsideration of that decision in the 2004 action nor appealed it to the Eleventh Circuit. Wallace now must live with that decision. Whatever her financial status may be, Wallace cannot make an end run around the entirely reasonable and proper condition that Judge Butler imposed on her reinstatement of the pre-September 2004 claims against Local 1639 and force defendant to incur redundant and duplicative legal expenses simply because she has once again changed her mind.

**D.     Conclusion.**

For all of the foregoing reasons, it is hereby **ordered** as follows:

1. Plaintiff's Motion to Proceed without Prepayment of Fees (doc. 47) is **denied** because plaintiff already paid her filing fee and there are no presently outstanding court fees and costs to which such a motion might apply.

2. Plaintiff's Motion to Correct Errors (doc. 49) is **granted** to enable plaintiff to make the cosmetic changes requested in her proposed amended complaint. Based on that ruling, plaintiff's May 18 Motion to Amend Complaint (doc. 48) is **moot** because it has been superseded by its May 23 successor.

3. Plaintiff's May 23 Motion to Amend Complaint (doc. 50) is **granted in part**, and **denied in part**. The Motion is **granted** insofar as plaintiff seeks to amend her complaint (a) to add new paragraphs 14(a)-(d) and the unnumbered paragraph immediately thereafter, which collectively assert claims under the LMRDA, the NLRA and the LMRA, and (b) to amend the *ad damnum* clause to quantify the compensatory and punitive damages sought. The Motion is **denied** insofar as plaintiff seeks to interpose claims that Judge Butler previously allowed her to dismiss voluntarily without honoring the condition he attached to such dismissal.

4. Plaintiff is **ordered,** on or before **June 14, 2007**, to file a new amended complaint identical in all respects to her exhibit to document 50, with the following exceptions: (i) instead of being called "Amended Complaint," the document should be captioned "Third Amended Complaint," for clarity's sake, and (ii) the paragraph on page 7 beginning with the phrase "The Plaintiff respectfully request ..." and ending with the phrase "... responsible for the plaintiff's hardship" must be deleted.

DONE and ORDERED this 31st day of May, 2007.

s/ WILLIAM H. STEELE<br>
UNITED STATES DISTRICT JUDGE