IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ELVIE MELISSA WALLACE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 06-0395-WS-M |
| | ) |
| **UAW LOCAL 1639,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This matter is before the Court on *pro se* plaintiff Elvie Melissa Wallace's Motion to Add to Third Complaint (doc. 53).

On May 31, 2007, the undersigned entered an Order (doc. 52) that, *inter alia*, granted in part and denied in part plaintiff's Motion to Amend Complaint (doc. 50). The May 31 Order instructed Wallace to file her amended complaint in exactly the same form as the exhibit to her Motion, except that the document should be captioned "Third Amended Complaint" instead of merely "Amended Complaint" and that a particular paragraph on page 7 of the amended pleading must be deleted. Wallace has substantially complied with this directive by filing her Third Amended Complaint, which is attached as the first exhibit to her Motion to Add to Third Complaint.[1] The Clerk's Office is directed to docket that Third Amended Complaint as a separate pleading because Wallace is simply filing the document that the May 31 Order authorized her to file.

In tandem with her Third Amended Complaint, however, Wallace also filed a Motion to

---

[1] The qualifier "substantially complied" is warranted because the Court notes that Wallace made several unauthorized minor adjustments to her proposed Third Amended Complaint attached as an exhibit to document 50. For example, the *ad damnum* clause of the proposed Third Amended Complaint stated that plaintiff sought compensatory damages of $650,000 and punitive damages of $2,675,000, but the Third Amended Complaint Wallace filed on June 13, 2007 demands compensatory damages of $2,599,000 and punitive damages of $1,000,000. (*See* Motion to Add to Third Complaint, at Exh. 1 ¶¶ 16.4-16.5.) In its discretion, the Court will allow these modifications even though they were made without prior judicial approval.

Add to Third Complaint on June 13, 2007.  In that submission, Wallace requests leave to amend her complaint yet again to name as additional defendants Doug Williams, Greg Roebuck, Robert Dickerson, Dana Bartlet, Michael Jones, Jesse Ezelle and Austin Veale.[2]  This request is untimely.  On April 26, 2007, Magistrate Judge Milling entered a Rule 16(b) Scheduling Order (doc. 46) setting a deadline of May 18, 2007 for motions for leave to amend pleadings or join other parties.  Plaintiff's Motion to Add to Third Complaint comes nearly a month after that deadline.  The law in this Circuit is quite clear that "where a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted."  *Smith v. School Bd. of Orange County*, --- F.3d ----, 2007 WL 1583873, *4 (11th Cir. June 4, 2007); *see also Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("[B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a).").  The deadlines set forth in Rule 16(b) scheduling orders are firm settings that must be taken seriously by both the Court and the litigants appearing before it.  To allow parties to circumvent long-expired deadlines merely by invoking the liberal leave to amend policy espoused by Rule 15(a) would be to "render scheduling orders meaningless and effectively ... read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."  *Sosa*, 133 F.3d at 1419.

Interpreting the Rule 16(b) "good cause" standard, the Eleventh Circuit has explained that it "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension."  *Sosa*, 133 F.3d at 1418; *see also Argo Systems FZE v. Liberty Ins. PTE, Ltd.*, 2005 WL 1355060, *5-6 (S.D. Ala. June 7, 2005) (similar); *Williams v. Baldwin County Comm'n*, 203 F.R.D. 512, 516-17 (S.D. Ala. 2001) (denying extension where plaintiff's counsel was inattentive to scheduling order).  Simply put, the touchstone of the Rule 16(b)

---

[2]  To add to the confusion, Wallace appended a second document styled "Third Amended Complaint" as an exhibit to her Motion to Add to Third Complaint, with this iteration including the seven new putative defendants' names and purporting to state causes of action against them.  Thus, Wallace simultaneously filed two different documents styled "Third Amended Complaint."  This second exhibit (the one listing the would-be new defendants) is not to be docketed separately for the reasons stated herein.

inquiry is whether Wallace exercised diligence in attempting to comply with the Scheduling Order deadlines for amending pleadings and adding parties.  *See, e.g., Nobles v. Rural Community Ins. Services*, 303 F. Supp.2d 1279, 1284 (M.D. Ala. 2004) ("The court's focus in evaluating a motion to amend under Rule 16 is on [the movant]'s diligence; that is, the court may grant the late-filed motion if the pretrial schedule could not reasonably have been met despite [the movant]'s diligence.").  If the movant was not diligent, then "the court's inquiry should end."  *Id.*; *see also Lord v. Fairway Elec. Corp.*, 223 F. Supp.2d 1270, 1277 (M.D. Fla. 2002) ("A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry, ... and the record in this case reveals a serious lack of diligence on the part of Plaintiff.").

Plaintiff has not demonstrated good cause for her dilatory attempt to inject seven new defendants in this action; rather, it is apparent from review of the court file that her tardy effort to name them as defendants is entirely attributable to her own lack of diligence.[3]  Accordingly, plaintiff's requested amendment is untimely and impermissible under Rule 16(b), Fed.R.Civ.P.

For the foregoing reasons, plaintiff's Motion to Add to Third Complaint is **denied**.

DONE and ORDERED this 18th day of June, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's *pro se* status in no way excuses her noncompliance with Rule 16(b) and the applicable Scheduling Order.  *See* Local Rule 83.9(b) ("All litigants proceeding *pro se* shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil and Criminal Procedure, unless otherwise excused from operation of the rules by court order."); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure").