IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ELVIE MELISSA WALLACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 06-0395-WS-M |
| | ) |
| UAW LOCAL 1639, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on plaintiff's Motion for Relief from Judgment (doc. 115). This action was dismissed with prejudice via Order and Judgment entered on July 9, 2008. Plaintiff now seeks reconsideration of that ruling pursuant to Rules 59 and 60, Fed.R.Civ.P.

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Gougler v. Sirius Products, Inc.*, 370 F. Supp.2d 1185, 1189 (S.D. Ala. 2005); *see also United States v. Bailey*, 288 F. Supp.2d 1261, 1267 (M.D. Fla. 2003); *Spellman v. Haley*, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling").[1] "Nor may a party properly utilize a motion to reconsider as a vehicle for rehashing arguments considered and rejected in the underlying order." *Gipson v. Mattox*, 511 F. Supp.2d 1182, 1185 (S.D. Ala. 2007); *see also Gougler*, 370 F. Supp.2d at 1189 n.1 ("motions to reconsider are not a platform to relitigate arguments previously considered and rejected"); *Lazo v. Washington Mutual Bank*, 2001 WL 577029, *1 (9th Cir. May 29, 2001) (similar); *American Marietta Corp. v. Essroc Cement Corp.*, 2003 WL 463493, *3 (6th Cir. Feb. 19, 2003) (similar).

---

[1] The pragmatic policy considerations underlying these principles are that "if every question once considered and decided remained open for reexamination in subsequent proceedings in that same case, [a district] court could not efficiently or satisfactorily perform its duties." *Todd Shipyards Corp. v. Auto Transp., S.A.*, 763 F.2d 745, 750 (5th Cir. 1985). Imagine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request by that party.

Furthermore, it is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Gougler*, 370 F. Supp.2d at 1189 (citation omitted); *see also American Home Assur. Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of motion to reconsider to afford a litigant "two bites at the apple"); *Rossi v. Troy State University*, 330 F. Supp.2d 1240, 1249 (M.D. Ala. 2002) (denying motion to reconsider where plaintiff failed to submit evidence prior to entry of order and failed to show good cause for the omission). The Eleventh Circuit has also stated that "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997); *see also Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F. Supp.2d 1228, 1234 (M.D. Ala. 2004) (relying on *Mays* to deny motion to reconsider where movant advanced new arguments); *Coppage v. U.S. Postal Service*, 129 F. Supp.2d 1378, 1379-81 (M.D. Ga. 2001) (similar). Furthermore, the Eleventh Circuit has recently reaffirmed that "[t]he only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal citations and quotations omitted).

      Review of plaintiff's wide-ranging, stream-of-consciousness Motion reflects that all of her stated grounds for relief either (i) rehash arguments previously considered and rejected by this Court in the July 9 Order, as well as by this Court and Magistrate Judge Milling in numerous rulings predating the July 9 Order going back to the very inception of this action in 2006; or (ii) rely on facts and argument that plaintiff could have presented previously, but did not. Moreover, plaintiff has failed to come forward with any showing of newly-discovered evidence or manifest errors of law and fact, as would be required for her to be eligible for relief under Rules 59 or 60.[2]

---

      [2] At most, plaintiff suggests that the July 9 Order was "premature" to the extent it found that defendant's discovery responses were satisfactory because "[t]he docket showed that no such documents existed." (Doc. 115, at 12.) Plaintiff thus recklessly accuses this Court of making a determination concerning the sufficiency of discovery responses that are not part of the court file. In so doing, plaintiff overlooks document 74, which she filed on October 10, 2007, which purports to contain a complete set of defendant's discovery responses, and which this Court examined in reaching that finding.

For the foregoing reasons, plaintiff's Motion for Relief from Judgment (doc. 115) is **denied**. Plaintiff's incorporated motion for default against defendant is likewise **denied**.

DONE and ORDERED this 23rd day of July, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
